IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE MARSH,<br><br>      Plaintiff,<br><br>  vs.<br><br>SKATELAND 132ND STREET, INC., a Nebraska Corporation;<br><br>      Defendant. | **8:11CV143**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the defendant's motion for summary judgment, Filing No. 29, and plaintiff's objection thereto, Filing No. 34. The court will regard the objection as a response to the motion. This is an action for age discrimination in employment pursuant to 29 U.S.C. § 621.

  The following undisputed evidence, gleaned from the parties' respective statements of undisputed fact, shows that the plaintiff is a 65-year-old female who was hired by Skateland, at age 47, in December of 1994. Filing No. 30, Defendant's Brief at 1-8; Filing No. 35, Plaintiff's Brief at 22-23. Her starting wage was $9.00 per hour and her ending wage was $20.00. Marsh was hired to work as a bookkeeper for Skateland's four locations in the Omaha area. She worked at the skating facility located at 3616 South 132 Street in Omaha, Nebraska ("Skatedaze"). Marsh was primarily supervised by Scott Cernik, Skateland's owner. As the bookkeeper, Marsh was responsible for maintaining Skateland's general ledger accounts, including the payables and receivables. She was required to administer the company payroll, make tax payments and bill payments, and prepare bank deposits, receipts and financial

statements. Marsh was terminated at age 63 and a half. She was replaced by a person 26 years of age.

In opposition to the motion, Mrs. Marsh has presented evidence that shows her boss, Scott Cernik, told her "You need to retire because you and your husband need to start doing some travelling and do your cakes more, or whatever" and also told her she made too much money and he was going to hire someone cheaper. Filing No. 36, Index of Evid., Ex. 1-J, Deposition of Jane Marsh ("Marsh Dep.") at 51, 75-76. Marsh testified that Scott Cernik repeatedly joked about her retiring. *Id.* at 76. Further, she testified Mr. Cernik had told Marsh's husband she should retire. *Id.* at 64. Marsh's hours were reduced in July 2009. Filing No. 31, Index of Evid., Ex. 11, NEOC charge. Marsh also testified that Mr. Cernik never told her she was doing anything wrong or expressed dissatisfaction with her work. Filing No. 36, Ex. 1, Marsh Dep. at 78. In an affidavit, Marsh stated that Mr. Cernik had praised her work and had asked her to stay on only a year prior to the termination. Filing No. 36, Index of Evid., Ex. 5.

Scott Cernik testified that he and his manager, Mike Burns, made the decision to terminate Mrs. Marsh. Filing No. 36, Index of Evid., Ex. 2-S, Deposition of Scott Cernik ("Scott Cernik Dep.") at 21. Cernik testified they based the decision on Marsh's job performance and because they could find somebody cheaper. *Id.* at 21. He testified she had been talked to about poor performance 10 or 20 times in the 16 years she worked there. *Id.* at 12. Mr. Cernik denied telling Marsh she should retire. *Id.* at 21. He acknowledged that they had discussed retirement, but stated that she brought it up. *Id.* at 22. The person who replaced Mrs. Marsh was paid $16.00 per hour. *Id.* at 27. The reason given on the separation notice was "hired a replacement at substantial

savings." Filing No. 31, Index of Evid., Ex. 9, Separation Notice at 3.  Scott Cernik and Mike Burns stated in affidavits that Marsh had made numerous mistakes.  Filing No. 31, Ex. 26 Declaration/Affidavit of Scott Cernik; Ex. 27, Affidavit of Mike Burns.  Scott Cernik acknowledged that he had never warned Marsh that performance problems could result in her dismissal, nor did he ever discipline her, perform a formal evaluation, or dock her pay.  Filing No. 36, Index of Evid., Ex. 2-S, Scott Cernik Dep. at 13.

There is also evidence that Skateland's management had terminated others over forty years of age.  Filing No. 31, Index of Evid., Ex. 26, Scott Cernik Aff. at 3; Filing No. 36, Index of Evid., Ex.2-S, Scott Cernik Dep. at 15-20.  Also, the vast majority of Skateland's 60 employees are between the ages of 16 and 18.  Filing No. 36, Index of Evid., Ex. 3, Deposition of Pamela Cernik at 17; Ex. 2-S, Scott Cernik Dep. at 20.  Skateland's present general manager is 22.  *Id.,* Scott Cernik Dep. at 26.  Presently, Skateland has only two employees, other than Mr. and Mrs. Cernik, who are over 40 years old.  *Id.* at 27.

Evidence also shows that Marsh's work was supervised by a CPA, who testified that he had never found her work unsatisfactory.  Filing No. 36, Index of Evid., Ex. 4, Deposition of Thomas Schleisman at 10-11.  The supervising accountant testified he found her work was adequate, and he also stated that he has used her as a consultant and recommended her to others since her termination.  *Id.* at 10, 29.  He testified she was "prepared" and "organized" and characterized her as responsible and competent.  *Id.* at 10-12.  Although he stated that there had been a difficult transition to a new accounting software program, Marsh had picked up the new procedures and programs.  *Id.*  He stated that he had never heard criticism of her work and that her work remained

3

of the same quality from year to year. *Id.* at 13, 16-17. He stated that he noticed a drop-off in the quality of bookkeeping work after she was terminated. *Id.* at 17.

In its motion for summary judgment, Skateland argues that the plaintiff cannot prove that she was meeting its legitimate expectations in light of her poor performance.

I. LAW

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). "Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)(en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* ( quoting *Celotex*, 477 U.S. at 324). On a motion for summary judgment, the "'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Id.* (quoting *Ricci v. DeStefano*, — U.S. —, —, 129 S. Ct.

4

2658, 2677 (2009)). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Id.* The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

There is no "discrimination case exception" to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial. *Torgerson*, 643 F.3d at 1043 (quoting *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010)). Nevertheless, "[a]t the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). The court's function is to determine whether a dispute about a material fact is genuine, that is, whether a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* at 248. To be material, a fact "must affect the outcome of the lawsuit under governing law." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's favor]." *Id.* at 255. "If reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Id.* at 250.

The ADEA makes it "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court recently held that "to establish a disparate treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177 (2009); *Baker v. Silver Oak Senior Living Mgmt. Co., L.C.*, 581 F.3d 684, 688 (8th Cir. 2009). There is no "heightened evidentiary requirement" for plaintiffs to satisfy their burden of persuasion through "direct evidence" as opposed to "circumstantial evidence." *Gross*, 557 U.S. at 178 n.4; *Tusing v. Des Moines Indep. Cmty. Schs.*, 639 F.3d 507, 515 (8th Cir. 2011). The rule is simply that "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross*, 557 U.S. at 177-78.

If a plaintiff has no direct evidence of discrimination, the *McDonnell Douglas* framework applies. *Rahlf v. Mo–Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011); *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011). Under that framework, the plaintiff must establish a prima facie case of age discrimination by showing (1) she was at least 40 years old; (2) she was terminated; (3) she was meeting her employer's reasonable expectations at the time she was terminated; and (4) she was replaced by an individual who was substantially younger. *Haigh*, 632 F.3d at 468. If the plaintiff establishes a prima facie case of age discrimination, the burden of production shifts to the defendant to "articulate a legitimate, nondiscriminatory reason" for the termination. *Id.* If the defendant does so, the plaintiff must show that its proffered reason was pretext for discrimination. *Id.* At all times, the plaintiff retains the ultimate burden of persuasion that "age was the 'but-for' cause" of the adverse action. *Gross v. FBL Fin.*

6

*Servs., Inc.*, 557 U.S. 167, 176 (2009); *Haigh*, 632 F.3d at 468. At the summary judgment stage, once the record is fully developed and the defendant has presented purported legitimate reasons for the termination, the court addresses directly "the question whether [the plaintiff] has presented sufficient evidence to raise a genuine issue for trial on the ultimate question of age discrimination *vel non*." *Baker*, 581 F.3d at 688.

A strong factual showing that the employer's proffered reason is "unworthy of credence" may, when combined with a strong prima facie case, create an inference of age discrimination. *Fisher v. Pharmacia & Upjohn*, 225 F.3d 915, 922 (8th Cir. 2000). Although stray remarks, standing alone, may not give rise to an inference of discrimination, such remarks are not irrelevant. *Id.* at 922-23. Rather, "such comments are 'surely the kind of fact which could cause a reasonable trier of fact to raise an eyebrow, thus providing additional threads of evidence that are relevant to the jury.'" *Id.* at 923 (quoting *Bevan v. Honeywell, Inc.*, 118 F.3d 603, 610 (8th Cir.1997)). Stray remarks therefore constitute circumstantial evidence that, when considered together with other evidence, may give rise to a reasonable inference of age discrimination. *Fisher*, 225 F.3d at 923. Similarly, although the potential falsity of an employer's proffered explanation may not alone support an inference of discrimination, such an inference can be drawn if there is other evidence supporting the inference. *Id.* at 922. Conflicting explanations for adverse employment decisions support an inference of discrimination. *See EEOC v. Trans States Airlines, Inc.*, 462 F.3d 987, 995 (8th Cir. 2006).

7

II.  DISCUSSION

The court finds the plaintiff has presented a submissible case of age discrimination for determination by a jury.  Of particular significance are alleged statements concerning retirement made by the decision-maker.  Those remarks, in conjunction with the fact that others over forty were terminated and in view of the relative youth of the workforce, are evidence that a reasonable jury could find reflect a discriminatory attitude by those who participated in Marsh's termination.  Other evidence lends further support to her age discrimination claim.  Skateland gave inconsistent reasons for Marsh's termination.  She testified she was told that the company wanted to hire someone cheaper, but the company now relies on poor performance to justify its actions.  Also, Marsh has produced evidence that creates a genuine issue of material fact on performance issues.  Marsh has presented independent evidence of satisfactory performance.  Credibility is at issue.  Notably, the defendant's alleged dissatisfaction with the plaintiff's work was not documented in any personnel records.

Moreover, although the defendant cited cost savings as its rationale, Marsh's replacement was paid a salary that was not much lower than Marsh's.  Age and experience result in higher salaries and employment costs.  Reliance on the cost-saving inherent in hiring a younger, less-experienced worker may not be sufficient, in and of itself, to rebut an inference of discrimination, but it is a factor to consider in determining discriminatory animus.  Resolution of these issues involves assessments of credibility that are questions of fact for the jury.

8

Marsh has presented evidence to raise a fact question on whether Skateland's proffered reasons for her termination were pretextual. The evidence casts doubt on the veracity of the defendant's assertions that Marsh was not meeting its expectations. In light of the defendant's shifting explanations and lack of documentation of poor performance, together with alleged age-related comments and jokes, an overwhelmingly youthful workforce, and a pattern of terminating older employees, a jury could conclude that the management harbored a discriminatory attitude toward older employees and desired to displace them in favor of younger employees. Viewing all of the evidence together, the court finds that Marsh has presented a submissible case of age discrimination under the ADEA. Accordingly,

IT IS ORDERED that:

1. The defendant's motion for summary judgment (Filing No. 29) is denied.

2. The plaintiff's objection (Filing No. 34), construed as a response, is denied as moot.

DATED this 17th day of July, 2012.

BY THE OCURT:

s/ Joseph F. Bataillon
United States District Judge