IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE MARSH,<br><br>    Plaintiff,<br><br>  vs.<br><br>SKATELAND 132ND STREET, INC., a Nebraska Corporation;<br><br>    Defendant. | **8:11CV143**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the defendant's motion in limine, Filing No. 40. The is an action for age discrimination in employment pursuant to 29 U.S.C. § 629 *et seq.*

  In its motion in limine, the defendant seeks preclusion of several categories of evidence: 1) testimony from former workers and persons not employed by Skateland regarding the plaintiff's skills, work performance and character; 2) witnesses' testimony regarding how Marsh's termination affected them emotionally; 3) testimony concerning Marsh's subjective beliefs; 4) witnesses' opinions of unfair treatment or violations of the law; 5) Skatelands' financial status or financial comparisons; 6) evidence of other lawsuits, pretrial matters, discovery, or privileges; 7) any references to the "golden rule," that is, asking the jury to put themselves in the plaintiff's place; 8) solicitation of juror promises; 9) references to equitable relief; 10) any "me too" evidence; 11) evidence of criminal history, alleged criminal activity, or involvement in another lawsuit; 12) evidence concerning the work history or discipline of Skateland's management and employee witnesses; and 13) testimony of witnesses who were not disclosed.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The defendant's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Most of the defendant's contentions are more in the nature of an objection that can be asserted at trial. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court

finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

IT IS ORDERED that the defendant's motion in limine is overruled at this time without prejudice to reassertion at trial.

DATED this 17th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge